CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 19 2010

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RICHARD LEE SWINEY,** Petitioner, | Civil Action No. 7:09-cv-00455 |
| v. | **MEMORANDUM OPINION** |
| **KEITH W. DAVIS,** Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Richard Lee Swiney, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel and his convictions violated due process. Upon screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismiss the petition as untimely filed.

I.

Petitioner reveals the following facts in his petition, exhibits, and response to the court's conditional filing order. On September 1, 1999, the Circuit Court for the County of Dickinson entered petitioner's convictions for malicious wounding and breaking and entering after petitioner's jury trial. Petitioner did not appeal the convictions allegedly because of his counsel's failure to file an appeal.

Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia in August 2004. (Pet. 52.) On September 24, 2004, the Supreme Court of Virginia dismissed petitioner's state habeas petition after finding that petitioner did not timely file it. Petitioner avers that he deposited his federal habeas petition in the institutional mailing system on October 14, 2009. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner's habeas petition considered filed when delivered to prison officials for mailing).

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in October 1999, when the time for petitioner to file an appeal to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1)(A)-(D).

to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition with the Supreme Court of Virginia in August 2004, but that court held that the petition was not timely filed. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (finding that an improperly filed state habeas petition does not trigger tolling under § 2244(d)(2)). Therefore, petitioner's untimely filed state habeas petition does not toll the time for him to file his federal habeas within one year from September 1999, and petitioner filed his untimely federal petition in December 2009.

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should equitably toll periods of time because he filed a second habeas petition to the circuit court in November 2008 that was dismissed on July 6, 2009. Petitioner appealed to the Supreme Court of Virginia, which dismissed the successive habeas petition in October 2009. Petitioner erroneously believes that this subsequent petition restarts the federal statue of limitations. The statute of limitations period already expired before petitioner ever filed a state habeas petition, and it can not be renewed by filing multiple state habeas petitions.[2] See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must

---

[2]Petitioner attached to his petition a letter from his habeas counsel who admits lapses in professional diligence in handling petitioner's state habeas petition. However, ineffective assistance of habeas counsel is not grounds for relief or equitable tolling because there is no right to counsel during habeas proceedings. Since there is no right to effective assistance of counsel in state habeas proceedings, ineffective assistance of counsel cannot serve as cause to warrant equitable tolling. See Coleman v. Thompson, 501 U.S. 722, 753-55 (1991); Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse . . . default when counsel is not constitutionally mandated.").

be dismissed.

### III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely filed. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 19th day of January, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge